UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUMAN RIGHTS DEFENSE CENTER
1901 South Congress Avenue, Suite 200
Boynton Beach, Florida 33426

    Plaintiff,

v.

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT,
500 12th Street, S.W.
Washington, D.C. 20024

    Defendant.

Case No. 25-cv-3919

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Human Rights Defense Center respectfully submits this Complaint for declaratory and injunctive relief finding Defendant United States Customs and Immigration Enforcement has violated the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA"), and ordering it to comply with its obligations.

**Introduction**

1. On April 28, 2025, Plaintiff Human Rights Defense Center ("Plaintiff" or "HRDC") submitted a written request under FOIA for records held by Defendant United States Immigration and Customs Enforcement ("Defendant" or "ICE"). The requested records concern ICE's telephone services agreements with vendors and service providers for use by prisoners or detainees, including documents detailing, among other things, the payments received by ICE from such vendors or service providers, the rates and fees for telephone calls under those

agreements, and commissions paid to ICE for such telephone services. To date, however, ICE has completely failed its obligations under FOIA to provide the public records that HRDC seeks. Accordingly, HRDC requests that this Court order the ICE to comply; enjoin ICE from further neglecting its duties under federal law; and reimburse HRDC the legal fees and costs it has incurred in bringing this action.

## Parties, Jurisdiction, Venue

2. Plaintiff Human Rights Defense Center is a nonprofit charitable organization incorporated under the laws of the State of Washington and recognized as tax exempt under IRS Code § 501(c)(3). The core of HRDC's mission is public education, prisoner education, advocacy, and outreach in support of the rights of prisoners and in furtherance of basic human rights. Among other publications, HRDC distributes the preeminent news publication across penological institutions in the United States: *Prison Legal News* ("PLN").

3. Defendant United States Immigration and Customs Enforcement is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is a component of the Department of Homeland Security, which is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). Defendant ICE is headquartered in Washington, D.C. ICE has possession, custody, and control of the records requested by HRDC.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 522(a)(4)(B).

5. Venue is proper in this District under 28 U.S.C. § 1391(e).

## FACTUAL BACKGROUND

6. HRDC currently distributes dozens of different criminal justice, legal and self-help titles, including its prolific monthly periodical that reports and analyzes criminal justice

news on a national level: *PLN*. Produced continuously since 1990, the publication has approximately 5,000 subscribers in 50 states, including lawyers, journalists, judges, courts, public libraries, and universities. Surveys indicate that *PLN*'s readership is approximately ten times the subscriber number. HRDC also maintains a listserv and a website at [www.prisonlegalnews.org](www.prisonlegalnews.org), which receives approximately 700,000 visitors per month, according to site analytics. HRDC publishes books about the criminal justice system and legal issues for use by prisoners, lawyers, courts, libraries, and other members of the public.

7.  HRDC also publishes *Criminal Legal News* ("*CLN*"), a monthly 56-page magazine that reports on criminal law and procedure, police civil rights litigation, policing, prosecutorial misconduct, sentencing issues and mass incarceration. *CLN* currently has approximately 2,500 subscribers in all 50 states and its website, [www.criminallegalnews.org](www.criminallegalnews.org), receives approximately 300,000 visitors each month.

8.  HRDC, through its publications, is a "representative of the news media" within the meaning of 5 U.S.C. § 552(a)(4)(A)(ii) because it gathers information of current interest to the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to a national audience through its various publications.

9.  HRDC's employees, publications, and advocacy activities (including its litigation) have been widely cited in mainstream media sources, including The New York Times, CNN, The Wall Street Journal, USA Today, The Nation, BusinessWeek, Mother Jones, the Miami Herald, the National Law Journal, The Atlanta Journal Constitution, The Sacramento Bee, the Boston Herald, The Washington Times, Columbia Journalism Review, Courthouse News Service, and the First Amendment Center.

3

10. HRDC is a 501(c)(3) non-profit corporation that advocates on behalf of the human rights of people held in detention facilities in the United States. The core of HRDC's mission is public and prisoner education, advocacy, and outreach in support of the rights of prisoners and in furtherance of basic human rights. To this end, HRDC has engaged in critical litigation throughout the country in an effort to hold the government accountable.

### The FOIA Request to ICE – Request No. 2025-ICFO-34034

11. On April 28, 2025, HRDC issued a written request to ICE seeking the following records regarding telephone services:

1) All contracts or other agreements, including all exhibits, addenda and extensions, between U.S. Immigration and Customs Enforcement (ICE) and any provider of services for use by prisoners or other detainees that are currently in effect, as of the date of this request, that provide the following service: Telephone calls.

2) Documents detailing all payments received by U.S. Immigration and Customs Enforcement (ICE) from any of the vendors or service providers for the above services, or on behalf of any of the above service providers, from January 1, 2019 to present.

3) Documents detailing rates for telephone calls made by prisoners or other detainees of U.S. Immigration and Customs Enforcement (ICE) that are currently in effect.

4) Records detailing all fees related to use of the above services by the prisoners or other detainees of any U.S. Immigration and Customs Enforcement (ICE) that are currently in effect. This request specifically includes all ancillary fees incurred by people who accept calls from prisoners or other detainees, including fees related to prepaid phone accounts, money transfers and the other services listed above.

5) If the agency is paying for any of the above services, records detailing the terms of the services and the amount paid for them.

6) Documents showing how much, if any, commissions are being paid to ICE by the vendor for said telephone services.

*See* HRDC's FOIA Request, attached as **Exhibit A**.

12. As a news media organization seeking records in the public interest, HRDC requested a waiver of duplication costs pursuant to 5 U.S.C. § 552 (a)(4)(A)(ii)(II) and 5 U.S.C. § 552 (a)(4)(A)(iii). *See id.*

13. In response to HRDC's FOIA request, ICE issued a pro-forma processing letter on May 1, 2025, in which ICE assigned a tracking number (2025-ICFO-34034), invoked the additional ten working days to respond to the request, and classified HRDC as a noncommercial requester. *See* Processing Letter, attached as **Exhibit B.**

14. Since then, HRDC has received no further response from ICE or any records.

## COUNT I

### Violation of 5 U.S.C. § 522(a)(6)(A)(i)
### Failure to Timely Make a Determination

Plaintiff Human Rights Defense Center reincorporates and realleges paragraphs 1 through 14 above as if fully set forth herein.

15. HRDC properly submitted its FOIA request, seeking records within the possession, custody, and control of ICE.

16. ICE is obligated under 5 U.S.C. § 522(a)(3) to produce records responsive to the HRDC's request.

17. Under 5 U.S.C. § 522(a)(6)(A)(i), each federal agency, upon receiving a FOIA request, "shall determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of its "determination and reasons therefor"; the right of the requestor "to seek assistance from the FOIA Public Liaison of the agency"; or, "in the case of an adverse determination," the right to appeal.

18.　The 20-day deadline by which ICE was required to communicate its determination upon remand to the ICE FOIA Office—even with the additional 10 working days for "unusual circumstances"—has lapsed.

19.　HRDC has a statutory right to the records it seeks, and there is no basis for ICE to withhold them.

20.　As of the filing of this Complaint, ICE has not provided HRDC any determination on its FOIA request, nor has it provided any records.

21.　Because no basis exists for ICE's failure to respond, it has violated FOIA.

22.　Under 5 U.S.C. § 522(a)(6)(C)(i), a requestor "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with . . . [FOIA's] applicable time limit provisions." Accordingly, HRDC has exhausted its administrative remedies.

## COUNT II

### Violation of 5 U.S.C. § 522(a)(3)(A)-(D)
### Failure to Make a Reasonable Effort to Search for and Release Records

Plaintiff Human Rights Defense Center reincorporates and realleges paragraphs 1 through 14 above as if fully set forth herein.

23.　HRDC properly submitted its FOIA request, seeking records within the possession, custody, and control of ICE.

24.　ICE is obligated under 5 U.S.C. § 522(a)(3)(C) to conduct a reasonable search and to produce records responsive to HRDC's request.

25.　ICE failed to satisfy the requirement to search and release of records in the FOIA request and failed to provide any justification for its failure.

26. As a result of ICE's failure to conduct an adequate search and promptly produce the materials requested by HRDC, it has violated 5 U.S.C. § 522(a)(3)(A)-(D) and its corresponding regulations.

## COUNT III

### Violation of 5 U.S.C. § 552(a)(4) & (6)
### Failure to Grant Fee Waiver

Plaintiff Human Rights Defense Center reincorporates and realleges paragraphs 1 through 14 above as if fully set forth herein.

27. HRDC properly submitted its FOIA request, seeking records within the possession, custody, and control of ICE.

28. In that request, HRDC asserted it was entitled to a waiver of all costs because disclosure of the records sought "is likely to contribute significantly to public understanding of the operations or activities of the government," as described in 5 U.S.C. § 552(a)(4)(A)(iii), and that courts had previously determined that HRDC was entitled to a fee waiver. *See* Ex. A.

29. Notwithstanding the foregoing, in its processing letter, ICE categorized HRDC as a "noncommmercial requester." *See* Ex. B.

30. As such, ICE violated FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and corresponding regulations, when it failed to waive all search, review, processing, and duplication fees in connection with the request.

## Requested Relief

Plaintiff Human Rights Defense Center respectfully requests that the Court:

    A. Retain jurisdiction over this action to ensure that no agency records are wrongfully withheld;

B. Declare that ICE's failure to respond and produce the requested records is unlawful;

C. Declare that HRDC is entitled to disclosure of the requested records;

D. Declare that HRDC is entitled to a complete fee waiver;

E. Order ICE to immediately process and disclose all records responsive to the FOIA request that are not specifically exempt from disclosure under FOIA;

F. Enjoin ICE from continuing to withhold any and all nonexempt records responsive to the FOIA request;

G. Award reasonable attorney's fees and costs of litigation under 5 U.S.C. § 552(a)(4)(E); and

H. Grant all other relief that the Court deems just and proper.

Dated: November 12, 2025

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (DC Bar # 1044374)
Slater Legal PLLC
2296 Henderson Mill Rd. N.E. #116
Atlanta, GA 30345
james@slater.legal
Tel. (404) 458-7283

*Attorneys for Plaintiff Human Rights Defense Center*