UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>　　　　　Defendant. | Civil Action No. 25-3919 (JEB) |

## ANSWER

Defendant U.S. Immigration and Customs Enforcement ("ICE"), by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) filed by Plaintiff Human Rights Defense Center. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials in this response. However, Defendant's references are not intended to be, and should not be construed as, an admission that the cited materials are: correctly cited or quoted by Plaintiff; relevant to this, or any other, action; or admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Complaint in corresponding, numbered paragraphs as follows:

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**[1]

The allegations contained in the unnumbered paragraph on page 1 of the Complaint consist of Plaintiff's characterization of this action and conclusions of law to which no response is required. To the extent that a response is required, Defendant admits that this action purports to be brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, and denies the remaining allegations.

### **Introduction**

1. The allegation contained in the first and second sentences of Paragraph 1 consists of Plaintiff's characterization of its FOIA request to Defendant to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff submitted a FOIA request to ICE dated April 28, 2025, and respectfully refers the Court to the FOIA request attached as Exhibit A to the Complaint (ECF No. 1-1), for a complete and accurate reading of its contents, and denies any allegations inconsistent therewith. The third and fourth sentences of Paragraph 1 contain Plaintiff's characterization of the basis for this action and conclusions of law, to which no response is required. To the extent that a response is required, as to the third sentence, Defendant admits that as of the time the Complaint was filed, Defendant has not released any records responsive to Plaintiff's FOIA request and otherwise denies the allegations of the third and fourth sentences.

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

2

**Parties, Jurisdiction, Venue**

2. The allegations contained in Paragraph 2 consist of Plaintiff's characterization of itself and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

3. Defendant admits that ICE is an agency of the United States and component of the Department of Homeland Security subject to the FOIA, and that ICE is headquartered in Washington D.C. and may have records responsive to Plaintiff's FOIA request. The remaining allegations of Paragraph 3 consist of conclusions of law to which no response it required. To the extent a response is required, Defendant denies the allegations.

4. Paragraph 4 consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendant admits that this Court has jurisdiction subject to the terms and limitations of FOIA and pursuant to 28 U.S.C. § 1331.

5. Paragraph 5 consists of legal conclusions regarding venue, to which no response is required. To the extent that a response is deemed required, Defendant only admits that this Court has venue subject to the terms and limitations of FOIA.

**FACTUAL BACKGROUND**

6. The allegations contained in Paragraph 6 consist of Plaintiff's characterization of itself and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

7. The allegations contained in Paragraph 7 consist of Plaintiff's characterization of itself and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

8. Paragraph 8 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

9. The allegations contained in Paragraph 9 consist of Plaintiff's characterization of itself and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

10. The allegations contained in Paragraph 10 consist of Plaintiff's characterization of itself and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the allegations.

**The FOIA Request to ICE – Request No. 2025-ICFO-34034**

11. Defendant admits Plaintiff issued a FOIA request dated April 28, 2025, to ICE seeking records regarding telephone services, and respectfully refers the Court to Exhibit A to the Complaint (ECF No. 1-1), for a complete and accurate reading of its contents.

12. Paragraph 12 consists of legal conclusions regarding the waiver of fees to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to Exhibit A to the Complaint (ECF No. 1-1), for a complete and accurate reading of its contents.

13. Defendant admits only that on May 1, 2025, Defendant acknowledged Plaintiff's FOIA request. Defendant avers that the email is the best evidence of its contents, and respectfully refers the Court to Exhibit B to the Complaint (ECF No. 1-2), for a complete and accurate reading of its contents.

14. Defendant admits that as of the date the Complaint was filed, ICE has not provided further response or released any records responsive to Plaintiff's FOIA request and denies any remaining allegations in Paragraph 14.

## COUNT I

### Violation of 5 U.S.C. § 522(a)(6)(A)(i) [*sic*]
### Failure to Make a Timely Determination

Defendant incorporates by reference its responses to all preceding paragraphs as if set forth in full here.

15. The allegations in Paragraph 15 consist of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, Defendant admits it received Plaintiff's FOIA request dated April 28, 2025, regarding telephone records and that it may have responsive records and denies the remaining allegations.

16. The allegation in Paragraph 16 consists of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegation.

17. The allegations in Paragraph 17 consist of Plaintiff's conclusions of law and Plaintiff's quotation from and characterization of the FOIA, not allegations of fact, and thus no response is required. To the extent that a response is required, Defendant denies any characterization of the cited statutory provision, which speaks for itself, and respectfully refers the Court to the provision for a complete and accurate reading of its contents and denies any allegation inconsistent therewith.

18.     The allegations in Paragraph 18 consist of Plaintiff's conclusions of law, to which no response is required.

19.     The allegations in Paragraph 19 consist of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegation.

20.     The allegations in Paragraph 20 consist of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that as of the time the Complaint was filed ICE has not communicated its final determination on responding to Plaintiff's FOIA request nor released any records.

21.     The allegation in Paragraph 21 consists of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegation.

22.     The allegation in Paragraph 22 consist of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegation

## COUNT II

### Violation of 5 U.S.C. § 522(a)(3)(A)-(D) [*sic*]
### Failure to Make a Reasonable Effort to Search for and Release Records

Defendant incorporates by reference its responses to all preceding paragraphs as if set forth in full here.

23.     The allegations in Paragraph 23 consist of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, Defendant admits it received Plaintiff's FOIA request dated April 28, 2025, regarding telephone records and that it may have responsive records and denies the remaining allegations.

24.     The allegations in Paragraph 24 consist of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, Defendant respectfully refers

the Court to the FOIA statute cited for a complete and accurate reading of its contents and denies any allegation inconsistent therewith.

25. The allegations in Paragraph 25 consist of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations.

26. The allegation in Paragraph 26 consists of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegation.

## COUNT III

### Violation of 5 U.S.C. § 552(a)(4) & (6)
### Failure to Grant Fee Waiver

Defendant incorporates by reference its responses to all preceding paragraphs as if set forth in full here.

27. The allegation in Paragraph 27 consists of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, Defendant admits it received Plaintiff's FOIA request dated April 28, 2025, regarding telephone records and that it may have responsive records and denies the remaining allegations.

28. The allegations in Paragraph 28 consist of Plaintiff's quotation from and characterization of its FOIA request, not allegations of fact, and thus no response is required. To the extent that a response is required, Defendant denies any characterization of Plaintiff's FOIA request, which speaks for itself, and respectfully refers the Court to the request (Exhibit A to the Complaint (ECF No. 1-1)) for a complete and accurate description of its contents.

29. The allegations in Paragraph 29 consist of Plaintiff's quotation from and characterization of Exhibit B to the Complaint (ECF No. 1-2), not allegations of fact, and thus no response is required. To the extent that a response is required, Defendant denies any

characterization of the exhibit, which speaks for itself, and respectfully refers the Court to the exhibit for a complete and accurate description of its contents.

30.      The allegations in Paragraph 30 consist of Plaintiff's conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies the allegations.

## Requested Relief

The remainder of the Complaint consists of Plaintiff's Requested Relief, to which no response is required. To the extent that a response is required, Defendant denies any allegations in the Requested Relief section and denies that Plaintiff is entitled to any of the relief requested in Paragraphs 1 through 30, or to any relief whatsoever from the Defendant.

## DEFENSES

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's request for relief that exceeds the relief authorized under FOIA.

### THIRD DEFENSE

Defendant has exercised due diligence in responding to Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to search for and process records, if any, responsive to Plaintiff's FOIA request.

### FOURTH DEFENSE

Plaintiff is neither eligible for, nor entitled to, attorneys' fees or costs.

### FIFTH DEFENSE

Defendant has not improperly withheld records requested by Plaintiff under FOIA, to the extent such records exist.

### SIXTH DEFENSE

Defendant's actions or inactions did not violate FOIA or any other statutory or regulatory provision.

### SEVENTH DEFENSE

Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### EIGHTH DEFENSE

Plaintiff's request fails to comply with the requirements of FOIA to the extent the request fails to reasonably describe the records sought or presents an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

### NINTH DEFENSE

Plaintiff is not entitled to the injunctive relief requested, and there is no provision of FOIA for obtaining declaratory relief.

**TENTH DEFENSE**

At all times alleged in the Complaint, Defendant was acting in good faith, with justification, and pursuant to authority.

Dated: January 14, 2026                                       Respectfully submitted,

                                                              JEANINE FERRIS PIRRO
                                                              United States Attorney

                                                       By:    /s/ William Thanhauser
                                                              William Thanhauser
                                                              D.C. Bar No. 1737034
                                                              Assistant United States Attorney
                                                              601 D Street, N.W.
                                                              Washington, D.C. 20530
                                                              (202) 252-7706
                                                              William.Thanhauser@usdoj.gov

                                                       *Attorneys for the United States of America*